Miller, Rosalind H., J.
In this putative class action, the plaintiff asserts claims for violations of the state Tips Act (Count I) and for unjust enrichment (Count II) on behalf of herself and other similarly situated individuals who have worked as waitstaff in recent years at the Spring Valley County Club, Inc. (club). With discovey closed, the plaintiff now brings the case before the Court on motion for class certification.
After a non-evidentiay hearing and a careful review of the pleadings, motion papers, and other record materials, see Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 85-86 (2001), the Court exercises its discretion to deny certification of the class proposed by the plaintiff, see id. at 84-85 (class status decision lies in “broad discretion” of motion judge). The plaintiff has not sustained her burden with regard to the requirements of Mass.R.Civ.P. 23.[1]
DISCUSSION
To support class certification, the plaintiff must satisfy the four prerequisites of Mass.R.Civ.P. 23(a) and the two additional requirements of rule 23(b). Bellermann v. Fitchburg Gas & Elec. Light Co., 470 Mass. 43, 51-52 (2014). Specifically, the plaintiff must show that “(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims—or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class,” Mass.R.Civ.P. 23(a), and that “the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is *300 superior to other available methods for the fair and efficient adjudication of the controversy,” Mass.R.Civ.P. 23(b). See Bellermann v. Fitchburg Gas & Elec. Light Co., 470 Mass. at 52. The plaintiff satisfies this showing by providing “information sufficient to enable the motion judge to form a reasonable judgment” that the class meets all the certification requirements of rule 23. See id., quoting Weld v. Glaxo Wellcome, Inc., 434 Mass. at 87.
The plaintiff has not developed a record that persuades the Court that the proposed class is “so numerous that joinder of all members is impracticable,” Mass.R.Civ.P. 23(a)(1). Courts have interpreted “impracticable” in this context “to mean impractical, unwise or imprudent rather than impossible or incapable of being performed.” E.g., Brophy v. School Comm. of Worcester, 6 Mass.App.Ct. 731, 735 (1978). “ ‘Impracticability,’ sometimes called ‘numerosity,’ requires establishing that individual joinder of each alleged class member would impose an undue burden on the party seeking to maintain the class action.” J.W. Smith & H.B. Zobel, Rules Practice §23.4, at 337 (2d ed. 2006).
Determination of joinder impracticability takes into consideration “all the circumstances surrounding a case.” Reporter’s Notes to Mass.R.Civ.P. 23, 46 Mass. Gen. Laws Ann., Rules of Civil Procedure, at 270 (Thomson/West 2006), quoting Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968). The “most important factor is the absolute size of the proposed class,” 5 Moore’s Federal Practice §23.22[l][b], at 23-54 to 23-55 (3d ed. 2015), but “(o]ther relevant factors are: (1) the geographical distribution of the class members; (2) the nature of the claim; and (3) the impossibility of obtaining personal jurisdiction over some class members.” J.W. Smith & H.B. Zobel, Rules Practice, supra; see Brophy v. School Comm. of Worcester, 6 Mass.App.Ct. at 735 (along with number of class members, courts also consider efficiency and judicial economy).
In this case, the plaintiffs argument regarding numerosity rests solely upon the size of the putative class. For the record evidence of class size, the plaintiff cites to the deposition of Steven Robinson, the defendants’ designee pursuant to Mass.R.Civ.P. 30(b)(6), who “estimate[d] more than [twenty]” waitstaff worked full-time for the club on a regular basis, but that “the numbers [we]re larger than the actual number of people working [at the club]” when taking into account short-term workers.[2]
A class merely shown as “larger” than “more than” twenty is not so numerous that it warrants class status for that reason alone.[3] To be sure, “[t]he Supreme Judicial Court has never attempted to set any minimum number which would be necessary for a class suit,” Reporter’s Notes to Mass.R.Civ.P. 23, supra, but the information provided by the plaintiff does not show that the proposed class exceeds the size of classes for which courts have denied certification on numerosity grounds, see 1 H. Newberg, Class Actions §3.12, at 197 (5th ed. 2011) (certification denied in cases where “putative classes numbered as many as 258”), and see, e.g., Pennsylvania Pub. Sch. Employees Retirement Sys. v. Morgan Stanley & Co., 772 F.3d 111, 120 (2d Cir. 2014) (court did not abuse discretion in denying certification despite “evidence of the existence of over 100 potential class members”). This is not a case where “a class defined so as to include an extremely large number of class members may, by itself, establish that joining all class members would be impracticable.” 5 Moore’s Federal Practice §23.22[l][b], supra at 23-55. Rather, on the plaintiffs showing, the class here is somewhere in or around the “gray area” of “mid-sized classes,” where the party moving for certification must provide other indications of impracticability of joinder. See 1 H. Newberg, Class Actions, supra at 205; 5 Moore’s Federal Practice §23.22[l][b], supra at 23-56.
As noted, however, the plaintiff has not provided information that shows, nor indeed does she argue, that impracticality factors beyond numbers alone support class certification. Although the plaintiff has undertaken discovery, see Bellermann v. Fitchburg Gas & Elec. Light Co., 470 Mass. at 52 n.8 (“Where . . . the parties have undertaken discovery . . . the information should rest on the more developed record”), she does not point to information in the record that pertains to, for instance, “the geographic dispersion of the class members the size of individual claims, the financial resources of class members, [or] the ability of claimants to institute individual suits.” 1 H. Newberg, Class Actions, supra at 206; see J.W. Smith & H.B. Zobel, Rules Practice, supra (setting out “relevant factors”); 5 Moore’s Federal Practice §23.22[l][d][e], supra at 23-60 to 23-63 (describing “practicability factors”). In addition, while courts have considered fear of retaliation as a factor in favor of certifying classes of employees, see, e.g., Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 624 (5th Cir. 1999), 1 H. Newberg, Class Actions, supra at 208, the plaintiff has not shown specific reason to apply that factor in this case, and, in any event, it has no apparent relevance to members of the putative class who no longer work at the club. Cf., e.g., Romero v. Producers Dairy, Inc., 235 F.R.D. 474, 485 (E.D.Cal. 2006) (numerosity requirement more readily met where class contains employees suing their “present employer”).[4] Finally, the Court observes that the plaintiff has not argued that class members cannot be readily identified and located by the parties, such that “joinder of all class members is more likely to be impracticable.” 5 Moore’s Federal Practice §23.22[1] [f], supra at 23-64. Rather, it reasonably may be determined that employment records maintained in the ordinaxy course of business would make the identities and addresses of employees “readily ascertainable,” such that “joinder is more likely to be found to be practicable.” Id. at 23-65, see, e.g., Trevizo v. Adams, 455 F.3d
*301 1155, 1162 (10th Cir. 2006) (affirming denial of certification: eighty-four-member class was not “such an overwhelmingly large number as to be prohibitive of joinder,” and there was no problem locating remaining individuals for joinder).
In sum, the plaintiff has not sufficiently shown that, in the particular circumstances of this case, individual joinder of each alleged class member would cause undue burden, to the plaintiff or the Court, so as to satisfy the first prerequisite of rule 23(a).
Because the requirements of rule 23 are conjunctive, the Court need go no further.
ORDER
It is therefore ORDERED that the plaintiffs motion for class certification be, and hereby is, DENIED.

 The plaintiff alludes to, but does not press, an argument to the effect that G.L.c. 149, § 150, itself creates a right to bring a class action, regardless whether the class meets the requirements of Mass.R.Civ.P. 23. The plaintiff cites no appellate authority to support this argument and appears to acknowledge, at least implicitly, that it represents a minority view.

 Counsel followed up by asking whether there were “more than [fifty] wait staff working” at the club, to which Robinson testified: “No, I don’t—I don’t believe so.”

 The plaintiff asserts that, “[g]iven the high turnover rate in the service industry,” the number of waitstaff who worked at the club during the relevant time period “likely” exceeds one hundred. But that figure essentially amounts to conjecture without information in the record to show that the club had as “high” a turnover rate as the “service industry” generally. The Court may not grant class status “on the basis of speculation or generalization regarding satisfaction of the requirements of rule 23.” Weld v. Glaxo Wellcome, Inc., 434 Mass. 81, 85 (2001).

 The plaintiff does not argue this factor with respect to numerosity, but only in regard to the element of “superiority,” see Mass.R.Civ.P. 23(b).